UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARDO CUSHENBERRY (#297345)** | **CIVIL ACTION** |
| **VERSUS** | |
| **SECRETARY JAMES LeBLANC, ET AL.** | **NO. 17-0402-BAJ-EWD** |

# O R D E R

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 4).

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Darrel Vannoy, Ass't Warden Tracy Falgout, Medical Director Dr. Randy Lavespere, Dr. C. Park, Dr. Toce, Nurse B. Taplin, and unidentified "John Doe" and "Jane Doe" prison personnel, alleging that his constitutional rights have been violated through deliberate indifference to his serious medical needs. Specifically, Plaintiff complains that prison officials have discontinued medication that he believes is necessary to treat his medical conditions, have denied him appropriate medical attention, have refused to amend his duty status to restrict his work requirements and allow him to sleep in a bottom bunk, and have charged him with wrongful disciplinary violations. Pursuant to an Amended Complaint (R. Doc. 15), Plaintiff has asserted an additional claim of deliberate medical indifference against Defendant Hal MacMurdo.

In the instant Motion, Plaintiff asserts that on May 10, 2017, he was provided with deficient medical care by Defendants Dr. Toce and Nurse Taplin when he went to the prison infirmary, notwithstanding that he was exhibiting very high blood pressure at the time. Plaintiff further

complains that, without justification, his blood pressure medication was reduced by Dr. Toce on that date and that he has since been suffering increased headaches, dizziness, spots in his vision, and chest pain. He prays for an Order compelling prison officials to provide him with his medication as "previously prescribed," a consultation with a qualified neurologist and orthopedist, and a permanent assignment to a bottom bunk "by a fan" to sufficiently treat plaintiff's "'hypertension,' 'neuropathy' and 'C.O.P.D. asthma.'"

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id*. at 196.

On the record before the Court, it does not appear that Plaintiff has established that he is entitled to the relief requested. His allegations in the instant Motion are conclusory and reflect that he is principally complaining therein regarding medical care that was provided on a single date. Although he asserts that the reduction in his prescribed medication by Dr. Toce has resulted in negative symptomatology and has caused him to fear a potential heart attack or stroke, he provides no competent medical information to support this assertion. Nor is it clear that Plaintiff is or has been unable to request or obtain medical attention since the date complained of. To the contrary, he merely asserts in the instant Motion that because of the events of May 10, 2017, he does not "feel safe enough to request medical treatment and visit [the] L.S.P. hospital." Thus, by

his own admission, he appears to concede that he himself has been unwilling to seek additional medical attention from personnel at the facility. Further, by reference to subsequent factual allegations made by Plaintiff, *see* R. Doc. 15-1 at p. 22, the Court is able to ascertain that Plaintiff was seen by a physician at the LSP infirmary in July 2017 and refused medical care that was offered to him at that time in an effort to control his elevated blood pressure. Accordingly, there is nothing in Plaintiff's Motion to support his entitlement to the relief requested, *i.e.*, medication different than that deemed appropriate by a medical specialist, a consultation with medical specialists, or an assignment to a bottom bunk, or to show that such relief is medically necessary or that irreparable injury will result if the relief is not granted.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether Plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: Plaintiff must be able to establish that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*.

Applying the foregoing principles, it is clear that Plaintiff has failed to allege facts or produce evidence sufficient to support entitlement to injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his claim or that he will suffer irreparable injury if injunctive relief is not granted. Although Plaintiff complains that he has not been provided with appropriate treatment for his hypertension and other medical issues, his conclusory assertions to this effect fail to show that this is true, particularly in light of his admission that he has refused to accept additional medical treatment and attention that have been offered to him. Finally, the decision to refer an inmate for additional treatment, tests or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference. *See Cuellar v. Livingston*, 321 Fed. Appx. 373, 374 (5th Cir. 2009) (noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" *quoting Estelle v. Gamble, supra*, 429 U.S. at 107); *Burge v. Stalder*, 54 Fed. Appx. 793 (5th Cir. 2002) (upholding the grant of a motion to dismiss where the inmate complained of a failure to refer him to a specialist); *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986) (stating that a "mere claim that [the plaintiff] was not afforded a doctor who specialized in the treatment of paraplegia or a trained physical therapist does not, of itself, state a claim of deliberate indifference"). *See also Corte v. Schaffer*, 24 F.3d 237 (5th Cir. 1994) (concluding that, contrary to the plaintiff's allegation that he had received "no treatment" and that he needed a referral to a specialist, he had failed to demonstrate deliberate indifference where he had been seen and

evaluated by prison medical personnel). Although Plaintiff is apparently dissatisfied with the medical care that he has received at LSP, such dissatisfaction does not alone support an entitlement to specific medication or to testing that he unilaterally believes should be provided. Therefore, the Court finds that Plaintiff has failed to adequately establish that he faces irreparable injury or that he has a substantial likelihood of success on the merits. Accordingly, the Court finds that Plaintiff has failed to establish the essential components of a viable claim for injunctive relief, and the instant Motion should be denied.

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 4) is hereby **DENIED**.

Baton Rouge, Louisiana, this 10th day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**