UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LEONARDO CUSHENBERRY (#297345)**   **CIVIL ACTION**

**VERSUS**   **NO. 17-402-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

## ORDER

Before the Court is a "Motion to Incorporate,"[1] which seeks consolidation of the instant matter with *Lewis v. Cain*,[2] a class action pending before this Court. A bench trial in *Lewis v. Cain* concluded on October 25, 2018.[3] At the conclusion of trial, the parties were ordered to schedule a mediation,[4] which was conducted on July 24, 2019.[5] Federal Rule of Civil Procedure 42 provides, in pertinent part, as follows: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions…." The trial in *Lewis v. Cain* has already taken place. Thus, Plaintiff's action cannot be consolidated into *Lewis v. Cain*, as it has, for all intents and purposes, concluded, and allowing consolidation of this action with *Lewis v. Cain* would cause unnecessary cost and delay, which is contrary to the purpose of Rule 42.[6] Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Incorporate[7] be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on August 30, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] R. Doc. 86.
[2] Civil Action No. 15-318 (M.D. La.).
[3] *Id.* at R. Doc. 536.
[4] *Id.* at R. Doc. 536.
[5] *Id.* at R. Doc. 562.
[6] Rule 42 further provides that actions may be consolidated "to avoid unnecessary cost or delay." To the extent Plaintiff seeks to be a member of the class defined in *Lewis v. Cain*, he already is. The Class includes "all inmates who now, or will be in the future, incarcerated at LSP." Since Plaintiff is incarcerated at LSP, he is already included in the class defined in *Lewis v. Cain*. *See Lewis v. Cain*, Civil Action No. 15-318 (M.D. La.) at R. Doc. 394, p. 30.
[7] R. Doc. 86.