**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEONARDO CUSHENBERRY (#297345)**    **CIVIL ACTION NO.**

**VERSUS**    **17-402-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

**ORDER**

Before the Court are a Motion to Compel Discovery[1] and Motion to Stay Proceedings[2] filed by *pro se* Plaintiff, Leonardo Cushenberry ("Plaintiff"). The Motion to Compel is opposed.[3] In Plaintiff's Motion to Compel, he contends that, though the Defendants responded, they have not sufficiently answered the discovery requests propounded in R. Doc. 96. Plaintiff's sole remaining claim is that Jamie Cashio and Amanda Cowan ("Defendants") denied Plaintiff medical treatment on April 18, 2017 when Defendants allegedly left Plaintiff lying on the floor of his cell after he had fallen and requested medical treatment.[4]

Specifically, Plaintiff complains of the following alleged deficiencies in the responses. In item number one,[5] Plaintiff asked the Defendants to state the duties of emergency responders and requested production of any documents that set out those duties. Defendants answered the interrogatory but did not produce any documents. Plaintiff contends the failure to produce any documents was intentional and that these documents are necessary "to understand and prove the responsibilities of defendants in medical situations."[6] Because Plaintiff alleges that Defendants were the emergency responders who responded to Plaintiff's fall, their duties may be relevant.

---

[1] R. Doc. 104.
[2] R. Doc. 110.
[3] R. Doc. 106.
[4] R. Doc. 1, p. 11.
[5] For ease of reference, the interrogatories/requests for production are labeled as "items" as Plaintiff has relabeled them in his Motion to Compel.
[6] R. Doc. 104, p. 6.

Accordingly, Defendants shall produce any document(s) describing the duties of emergency responders in response to Plaintiff's first request in R. Doc. 96. If no such documents exist or if the documents are being withheld based on privilege, Defendants should so state and provide a privilege log, if necessary.

Similarly, in item number two, Plaintiff requested information regarding Defendants' qualifications for their jobs as emergency responders and supporting documentation. Defendants stated their qualifications but failed to provide any documentation. Because Defendants qualifications are relevant to Plaintiff's claims, Defendants shall produce any documents related to their qualifications as emergency responders, to the extent such documents exist.

Item number three in Plaintiff's Motion to Compel relates to the identity of all persons Defendants will or may call to testify as expert witnesses. Defendants objected to item three as being premature. Although the Court has not yet issued an order requiring disclosure of this information, to the extent the information is currently known to Defendants, the request is not premature. Defendants shall identify any expert witnesses they will or may call to testify at trial or Defendants shall state that they have not yet identified expert witnesses who will or may testify at trial.

With respect to items four, five, nine, and thirteen Plaintiff's contention regarding the inadequacy of Defendants' responses is that Defendants are lying and/or refusing to disclose information and/or items, which, according to Plaintiff, Defendants have in their possession. Because each of Defendants' responses was provided under oath pursuant to Federal Rule of Civil Procedure 33(b)(3),[7] this Court cannot presume Defendants are providing false information; rather,

---

[7] *See* R. Docs. 100, p. 8 & 101, p. 6.

the Court presumes the information provided is true and correct to the best of Defendants' knowledge.

Similarly, with respect to item six, though they objected, Defendants also responded that they had no knowledge regarding the information sought.[8] A party cannot answer a question they have no knowledge about, and for the same reasons as stated above, if a party states they have no knowledge regarding a specific inquiry, this Court presumes that statement is true when it is a sworn statement as provided by Federal Rule of Civil Procedure 33(b)(3).

With respect to item number eight, Plaintiff has requested all grievances and complaints filed against Defendants concerning the mistreatment of prisoners. Defendants objected to this request as overly broad, general, vague, improper, and not reasonably calculated to lead to the discovery of admissible evidence, as well as unreasonably burdensome.[9] Because, as Plaintiff argues, items requested are relevant to Plaintiff's case,[10] Plaintiff is entitled to some relief with respect to this request, though the request must be narrowed in scope to comport with the requirements of Federal Rule of Civil Procedure 26(b)(1). Accordingly, Defendants are ordered to produce all grievances and complaints regarding incidents like the one alleged in this case, filed against Cashio and Cowan, for the six months preceding and six months following the April 18, 2017 incident.

Regarding item number ten, Plaintiff seeks medical records from September 2011 through March 2014. Plaintiff contends that he has not received medical records for dates prior to March 2014, though Defendants aver they have provided medical records from January 2013 through

---

[8] *See* R. Docs. 100, p. 3 & 101, p. 3.
[9] *See* R. Docs. 100, p. 4 & 101, p. 4.
[10] *See* Fed. R. Civ. P. art. 26(b). Defendants contend one reason to exclude this evidence is because it will not be admissible, but information sought in discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. art. 26(b)(1).

March 2018. A review of the record indicates that Plaintiff has been provided with medical records beginning in January 2013, as stated by Defendants.[11] Further, Plaintiff avers he has not been provided any records from the Avoyelles Correctional Center, but that is incorrect.[12] Plaintiff has been provided with medical records from nearly four years prior to the incident at issue. This Plaintiff's request for medical records prior to 2013 is overly broad and not proportional to the needs of this case. Though Plaintiff states these records are necessary to show what medications he was on at his previous facility and what duty status he was assigned, these facts are irrelevant as the only two remaining Defendants in this suit are the two emergency responders Plaintiff alleges responded to his accident on April 18, 2017. Plaintiff does not allege that the remaining Defendants failed to assign him the proper duty status or withdrew his prior prescriptions. Rather, these allegations were directed at Dr. Park[13] who has been dismissed from this action.[14] Plaintiff is not entitled to any further medical records predating the date of the alleged incident.

However, with respect to items eleven and twelve, Plaintiff is entitled to the records from Plaintiff's treatment at University Hospital in New Orleans on September 27, 2018 and November 7, 2018, as well as the records from his December 26, 2018 appointment with Dr. Park. Plaintiff has requested records from a very limited timeframe, the information obtained may be relevant to the injuries Plaintiff may have sustained on the date of the incident,[15] and obtaining these records should not unduly burden Defendants. Accordingly, Defendants shall produce the records

---

[11] *See, e.g.*, R. Docs. 57-1, p. 17 (May 13, 2013 medical record) & p. 18 (April 2, 2013 medical record); 57-3, p. 47 (2013 prescription records); 57-4, p. 5 (April 2013 medication administration records), 57-7, p. 85 (February 28, 2013 refusal to accept medical care form).
[12] *See* R. Doc. 57-7, pp. 99-100 (February 18, 2013 Avoyelles Correctional Center Intra-Institutional Health Screening).
[13] R. Doc. 1, pp. 8-9.
[14] R. Docs. 77 & 84.
[15] Specifically, Plaintiff contends these records demonstrate ongoing deliberate indifference, and that these records pertain to the same complaints for which Plaintiff sought medical treatment on the date of the incident complained of herein.

4

requested in item number eleven/request for production number six and item number twelve/request for production number eight.

Though this Court is granting Plaintiff's Motion to Compel, in part, the proceedings need not be stayed as this Court will provide Plaintiff with an extended time to oppose Defendants' Motion for Summary Judgment as stated below. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery[16] is **GRANTED IN PART AND DENIED IN PART**. Defendants shall produce documents responsive to item numbers one and two/requests for production one and two. In response to item number eight/request for production number three, Defendants shall produce all grievances and complaints complaining of incidents similar to the incident at issue herein filed against Cashio and Cowan for the six months preceding and six months following the incident in this action. Defendants shall also produce documents in response to item numbers eleven and twelve/requests for production six and eight. If Defendants are not in possession of any of the aforementioned documents, Defendants shall respond accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings[17] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall produce the documents and information required by this Order by no later than October 31, 2019.

---

[16] R. Doc. 104.
[17] R. Doc. 110.

**IT IS FURTHER ORDERED** that Plaintiff is granted an extension of time to file an opposition to Defendants' Motion for Summary Judgment.  Plaintiff shall file any opposition by no later than November 21, 2019.

Signed in Baton Rouge, Louisiana, on October 9, 2019.

                **ERIN WILDER-DOOMES**
                **UNITED STATES MAGISTRATE JUDGE**