# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEONARDO CUSHENBERRY (# 297345)**     **CIVIL ACTION NO.**

**VERSUS**     **17-402-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 28, 2020.

                                                           **ERIN WILDER-DOOMES**
                                                           **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LEONARDO CUSHENBERRY (# 297345)      CIVIL ACTION NO.

VERSUS      17-402-BAJ-EWD

JAMES LeBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are three Motions for Summary Judgment (the "Motions"). The first Motion was filed by Amanda Cowan,[1] and the second Motion was filed by Jamie Cashio.[2] No timely opposition was filed as to either Motion, but the Court has considered Plaintiff's untimely filed opposition because he is proceeding *pro se*.[3] In addition to opposing the Defendants' Motions, Plaintiff also requests summary judgment in his favor, so the Court also considers Plaintiff's opposition as a cross-motion for summary judgment.[4] For the following reasons, the undersigned recommends that the Motions filed by Cowan and Cashio be granted and that Plaintiff's Motion be denied.

### I. Background

Leonardo Cushenberry ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, brought this suit on June 26, 2017 against James LeBlanc, Darryl Vannoy, Tracy Falgout, Randy Lavespere, Cynthia Park, Paul Toce, Betty Taplin, and unidentified "Jane Doe" prison personnel, alleging that his constitutional rights were violated through deliberate indifference to his serious medical needs. Plaintiff's claims against LeBlanc, Vannoy,

---

[1] R. Doc. 109.
[2] R. Doc. 122.
[3] R. Doc. 136.
[4] R. Doc. 136, p. 1.

Falgout, Lavespere, Park, Toce, and Taplin have been dismissed.[5]  Amanda Cowan and Jamie Cashio, who were previously identified as "Emergency Medical Technicians" and "Jane Does,"[6] were properly named through amended complaints.[7]  Plaintiff's sole remaining claims in this case are against Cowan and Cashio.  Specifically, Plaintiff alleges that these Defendants failed to render appropriate medical attention after Plaintiff fell from his bunk bed on April 18, 2017.

Plaintiff claims that on April 18, 2017, while he was attempting to climb to the floor from his top bunk, he experienced a shooting pain in his leg, which caused him to fall backwards to the floor, striking his head.[8]  Security requested medical attention for Plaintiff.  As a result of this request, two EMTs (alleged to be Cowan and Cashio), arrived at Plaintiff's cell.  According to Plaintiff, Cowan and Cashio "denied Plaintiff medical treatment by leaving him lying on the floor after requested medical treatment."[9]

## II. Law & Analysis

### A. Standard of Review

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[10]  A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no such genuine issue of material fact.[11]  If the moving party carries its burden of proof under Rule 56, the opposing party

---

[5] *See* R. Docs. 77 & 84.
[6] R. Doc. 1, pp. 7 & 11.
[7] *See* R. Docs. 40 & 76.
[8] R. Doc. 1, p. 10.
[9] R. Doc. 1, p. 11.
[10] Rule 56, Federal Rules of Civil Procedure.  *See also*, *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).
[11] *Celotex Corp.*, 477 U.S. at 323.

2

must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[12] Summary judgment must be entered against an opposing party who fails to make the showing necessary to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[13] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[14]

### B. Deliberate Indifference

Deliberate indifference requires a showing of "subjective recklessness as used in the criminal law."[15] *Farmer* lays out both an objective prong, and a subjective prong for the proper showing.[16] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[17] Under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[18] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[19] Whether the plaintiff has received the appropriate treatment or accommodation is not sufficient to establish deliberate indifference absent exceptional circumstances.[20] Nor do negligence, neglect,

---

[12] *Anderson*, 477 U.S. at 248.
[13] *Celotex Corp.*, 477 U.S. at 323.
[14] *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir. 1991).
[15] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[16] *Id*. at 837.
[17] *Id.* at 834, *quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[18] *Id.*
[19] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle*, 429 U.S. at 106.
[20] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

3

unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[21] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[22]

Plaintiff's claim is essentially one of delay of medical care as Plaintiff alleges Defendants failed to treat him, left him on the floor of his cell, and Plaintiff was not examined until the following morning. Though there is a genuine dispute regarding whether Cowan was working or otherwise present on LSP premises at the time of Plaintiff's fall,[23] this fact is immaterial.[24] Viewing the facts in the light most favorable to Plaintiff, which requires the Court to assume Cowan was a responding EMT, Plaintiff has failed to show that any EMT responding to his call was deliberately indifferent to his serious medical needs.

Even if the responding EMTs simply left Plaintiff laying on the floor as he alleges, Plaintiff has failed to state a claim for deliberate medical indifference as other courts within this Circuit have found no deliberate indifference in more egregious cases. For example, in *Boone v. Buchanan*,[25] the Eastern District of Texas found that leaving an inmate laying on the floor of his cell in pain after he "suffered an attack," pouring water from a water hose into the cell as the plaintiff laid on the floor, and taunting the plaintiff with remarks such as "f*** him, let him die," did not constitute deliberate indifference because the plaintiff was given medical attention within

---

[21] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[22] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[23] Cowan attaches an affidavit to her Motion, saying that she was not working on the date of the incident (R. Doc. 109-3, ¶ 3), however, Plaintiff submitted the affidavits of Scott Jones, Fatel Perry and Bryant Bethley (R. Doc. 136-2, pp. 19-25), who identified Amanda Cowan as one of the EMTs who responded to the call regarding Plaintiff on April 18, 2017.
[24] Though counsel for Cowan failed to raise any grounds for relief other than the alleged fact that Cowan was not working when the incident occurred, this Court finds it appropriate to grant relief on the basis that there is no genuine dispute as to material fact that the actions of Defendants did not rise to the level of deliberate indifference. *See* Rule 56(f)(2) ("After giving notice and a reasonable time to respond, the court may…grant the motion on grounds not raised by a party….").
[25] 2008 WL 744247 (E.D. Tex. March 19, 2008).

an hour and nevertheless, the plaintiff did not suffer from any injuries as a result of the actions of the guards or from the delay in receiving medical treatment. The claims in *Boone* were dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

In *White v. Rader*,[26] an inmate fell while climbing from the top bunk of his cell when his foot slipped, causing him to sprain his ankle and hurt his back. The inmate plaintiff requested emergency medical treatment, which was denied. Instead, Plaintiff was required to "file a regular sick-call out," resulting in him not being seen until after 12:00 a.m., approximately eight hours after his fall. This Court found that such a brief delay was not indicative of deliberate indifference.

In *O'Bryant v. Culpepper*,[27] the Fifth Circuit found no error in the dismissal of a complaint for failure to state a claim where the plaintiff had been injured on a Saturday and did not receive treatment until the following Thursday because the plaintiff could not show that the delay in treating his injury caused substantial harm.

The delay in this case was, at most, one day. Plaintiff's accident occurred on April 18, 2017. He was taken for x-rays and an examination, which he voluntarily left, on April 19, 2017.[28] A delay in providing medical care is not a violation of any constitutional right unless it results in substantial harm.[29] Plaintiff has not even alleged, much less provided sufficient proof to defeat a motion for summary judgment, that he sustained substantial harm from the short delay that occurred in this case.[30]

---

[26] Civil Action No. 09-696, 2010 WL 1744652 (M.D. La. March 29, 2019).
[27] 214 F.3d 1350 (5th Cir. 2000).
[28] R. Docs. 57-4, pp. 39-41;
[29] *Mendoza*, 989 F.2d at 195.
[30] *See Burns v. East Baton Rouge Parish Prison Emergency Medical Services*, 2017 WL 4214143 (M.D. La. Sept. 6, 2017) (six-week delay in treatment did not result in substantial harm and, therefore, did not amount to deliberate indifference). While Plaintiff sates that he was "still suffering from his injuries" as of May 9, 2017 (R. Doc. 109-5, p. 15), this conclusory statement is not sufficient to overcome a motion for summary judgment. The evidence in the record shows that Plaintiff's ankle x-ray from the morning of April 19, 2017—less than twelve hours after the incident--was negative for an acute fracture or dislocation. R. Doc. 57-4. In his opposition memorandum, Plaintiff only complaints of denial of bottom bunk duty status and denial of medications as "ongoing" serious conditions. R. Doc.

5

Here, at best, there was a delay in medical care with no evidence that the delay resulted in substantial harm to Plaintiff.[31] Plaintiff has not established a genuine issue of fact as to whether Cashio or Cowan committed a constitutional violation and Defendants are entitled to judgment as a matter of law.[32]

### C. Exercise of Supplemental Jurisdiction over Plaintiff's Potential State Law Claims Should Be Declined

To the extent that any potential state law claims would require the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the exercise of supplemental jurisdiction should be denied. A district court is authorized to decline supplemental jurisdiction over state law claims if those claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[33] As the undersigned has recommended dismissal of all remaining federal claims, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

---

36, p. 14. Plaintiff also alleges he had to wear sunglasses inside and outside until 3 weeks after the accident and that his head trembled uncontrollably for months after the accident. *Id.* Plaintiff says he can "evidence these allegations if necessary." As Plaintiff bears the burden at trial of establishing harm, he had to bring forward evidence to establish this element of his claim in opposition to the Motions, which he failed to do.

[31] In addition to Plaintiff's failure to make an affirmative showing of substantial harm, a review of Plaintiff's medical records from the relevant time period also do not support that he suffered substantial harm. First, the record shows that Plaintiff was treated frequently for his various complaints, as the record includes nearly 500 pages of medical records. *Fails v. DeShields*, 349 Fed.App'x. 973, 976 (5th Cir. 2009) ("Deliberate indifference is especially hard to show when the inmate was provided with ongoing medical treatment."). In addition, Plaintiff's medical records evidence that Plaintiff was often a "no show" for his medical appointments and often refused to accept care. (*See, e.g.*, R. Doc. 57-5, p. 51 (Plaintiff was a no show for an appointment on May 3, 2017); R. Doc. 57-5, p. 48 (Plaintiff Refused to accept medical care on May 10, 2017); R. Doc. 57-5, p. 33 (Plaintiff complained of head and neck pain, hypertension, and troubles with walking but refused over-the-counter medications when treated); R. Doc. 57-5, pp. 46-47 (On June 14, 2017, Plaintiff refused to accept medical care and was a no show for his medical appointment); R. Doc. 57-5, p. 45 (Plaintiff was a no show for his appointment on June 19, 2017)).

[32] Because the undersigned recommends dismissal of all remaining claims, there is no need to address other arguments.
[33] 28 U.S.C. § 1367.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motions for Summary Judgment,[34] filed by Amanda Cowan and Jamie Cashio, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment[35] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this Court decline to exercise supplemental jurisdiction with respect to Plaintiff's potential state law claims.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** and that any other pending motions[36] be **TERMINATED as moot**.

Signed in Baton Rouge, Louisiana, on January 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] R. Docs. 109 & 122.
[35] R. Doc. 136.
[36] R. Doc. 132 and R. Doc. 135. R. Doc. 135 is Plaintiff's objection to the undersigned's Order denying his request for additional time to file an opposition memorandum. As indicated, above, Plaintiff's untimely opposition memorandum was considered.